1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9  J.W., a minor, By and Through his parents          CASE NO. CV F 08-129 LJO DLB
   J.E.W. and J.A.W.,
10
                    Plaintiff,          _____**ORDER ON DEFENDANT'S MOTION TO**
11                                              **DISMISS** (Doc. 13)
       vs.
12
   FRESNO UNIFIED SCHOOL DISTRICT,
13
                    Defendant.
14  _____/

15                          **INTRODUCTION**

16          By notice on January 25, 2008, Defendant Fresno Unified School District ("FUSD") moves to

17  dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff J.W.'s ("Plaintiff's")[1] second cause of action.

18  FUSD contends that Plaintiff fails to state a claim for a violation of Section 504 of the Rehabilitation

19  Act of 1973, as amended, 29 U.S.C. §794 ("Section 504").  Additionally, FUSD moves for a more

20  definite statement of a specific allegation within the Section 504 claim, pursuant to Fed. R. Civ. P.

21  12(e).[2]  Plaintiff opposed FUSD's motion and requested leave to amend.  This Court considered this

22  motion on the record and VACATES the April 2, 2008 hearing pursuant to Local Rule 78-230(h).  For

23  the reasons discussed below, this Court GRANTS and DENIES in part FUSD's motion to dismiss

24  Plaintiffs' Section 504 claim, with leave to amend, and GRANTS FUSD's motion for a more definite

25  statement.

26  _____

27          [1]Plaintiff J.W. is a minor proceeding by and through his parents J.E.W. and J.A.W.

28          [2]Although styled as an" alternative" to the motion to dismiss, FUSD's motion for a more definite statement is
    directed at one specific allegation within Plaintiff's claim, rather than the claim itself.

## BACKGROUND

Plaintiff is a minor child residing within FUSD boundaries.  Plaintiff is eligible for special education and related services.  Plaintiff is hearing impaired.

Plaintiff was a student in FUSD's aural/oral/infant/preschool program at Birney Elementary School during the 1998-1999, 1999-2000, 2001-2002 and 2002-2003 school years.[3]  During the 2003-2004 and 2004-2005 school years, FUSD placed Plaintiff in a general education classroom at Bullard Talent Elementary School.  For the 2005-2006 school year, Plaintiff attended Del Mar Elementary School.  Plaintiff alleges that during the 2003-2006 school years, FUSD failed to provide Plaintiff a free appropriate public education ("FAPE") designed to meet his unique needs.  As a result of FUSD's failure to provide Plaintiff a FAPE, Plaintiff alleges that he has made only *de minimis* educational progress, if any, since 2003.

During the summer of 2006, Plaintiff attended Clarke School for the Deaf, a private school in Massachusetts.  Plaintiff's parents enrolled Plaintiff at Clarke School for the Deaf for the 2006-2007 school year.  Plaintiff is no longer an FUSD student.

On September 1, 2006, Plaintiff filed a due process proceeding against FUSD.  On August 15, 2007, the administrative law judge ruled against Plaintiff on all issues raised, with one exception.  The administrative law judge found that FUSD denied Plaintiff a FAPE substantively, by failing to offer extended school year ("ESY") services during the 2005 summer.

Plaintiff initiated this action on November 8, 2007.  In his first cause of action, Plaintiff appeals the administrative law judge's decision, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.§ 1415(i)(2)(A).  Plaintiff's second cause of action against FUSD is based on Section 504.  FUSD moves to dismiss Plaintiff's second cause of action.

## DISCUSSION

### Motion to Dismiss Standard of Review

FUSD moves to dismiss Plaintiff's Section 504 claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").  A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth

---

[3]Unless otherwise specified, the elementary schools mentioned are located within the Fresno United School District.

1   in the complaint.  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal

2   theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica*

3   *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297

4   (7th Cir. 1995).  As a general rule, this Court does not consider material outside of the complaint, must

5   accept as true the allegations of the complaint in question, and construe the pleading in the light most

6   favorable to the party opposing the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396

7   U.S. 869 (1969).

8          With these standards in mind, this Court turns to the merits of Plaintiff's motion to dismiss.

9                                      **Section 504**

10  _____The Rehabilitation Act of 1973 provides broad provisions regarding state services to disabled

11  individuals.  Section 504 provides: "No otherwise qualified individual with a disability...shall, solely

12  by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be

13  subjected to discrimination under any program or activity receiving Federal financial assistance...." 29

14  U.S.C. §794(a).

15         To state a Section 504 claim, Plaintiff must allege that: "(1) he is an individual with a disability;

16  (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely

17  by reason of his disability; and (4) the program receives federal financial assistance.*" Duvall v. County*

18  *of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  Section 504 "prohibits actions that deny disabled

19  individuals 'meaningful access' or 'reasonable accommodation' for their disabilities." *Mark H. v.*

20  *Lemahieu*, 513 F.3d 922, 938 (9th Cir. January 17, 2008) ("*Mark H.*") (citations omitted).  A "public

21  entity can be liable for damages under [Section]504 if it intentionally or with deliberate indifference fails

22  to provide meaningful access or reasonable accommodation to disabled persons." *Id.*

23         FUSD asserts that Plaintiff's Section 504 claim fails for three reasons.  First, FUSD argues that

24  Plaintiff's claim fails because Plaintiff alleged no specific Section 504 regulations in the amended

25  complaint.  Second, FUSD contends that Plaintiff's Section 504 claim should be dismissed because

26  Plaintiff's FAPE allegations are specific to an IDEA FAPE, rather than a Section 504 FAPE.  Third,

27  FUSD argues that the Section 504 claim fails because Plaintiff alleged no specific facts to support his

28  intentional discrimination allegation.  The Court will consider each of these arguments in turn.

                                          3

**Allegations Identifying Specific Section 504 Regulations**

FUSD argues that Plaintiff failed to state a Section 504 claim because Plaintiff failed to allege which specific Section 504 regulations are implicated in this action.  Plaintiff concedes that he did not identify which Section 504 Regulations FUSD allegedly violated.  Plaintiff requests leave to amend his complaint to comply with this pleading requirement.

In the recent *Mark H.* decision, the Ninth Circuit ruled that a plaintiff must allege "precisely which [Section] 504 regulations are at stake and why." *Mark H.*, 513 F.3d at 924.  In remanding a Section 504 claim to the district court, the *Mark H.* court reasoned that "[w]ithout some clarity about precisely which [Section] 504 regulations are at stake and why, we cannot determine whether [plaintiff] has sufficiently alleged a privately enforceable cause of action for damages [pursuant to Section 504]." *Id.*  Thus, Plaintiff must allege with specificity Section 504 regulations to support a Section 504 claim.

Plaintiff concedes that he fails to state a claim on this ground, but seeks leave to amend his complaint to include the specific regulations.  Plaintiff's amended complaint preceded the *Mark H.* decision.  Thus, justice requires that Plaintiff amend his complaint to conform to the newly-established pleading requirement. *See* Fed. R. Civ. P. 15.  Accordingly, Plaintiff is granted leave to amend his Section 504 claim to specify which Section 504 regulations are at stake in this action.

**Section 504 FAPE allegations**

FUSD argues that Plaintiff's Section 504 claim fails because Plaintiff's allegations are based on an IDEA FAPE, rather than a FAPE within the meaning of Section 504.  FUSD's motion is based on the *Mark H.* decision, which distinguished a FAPE pursuant to the IDEA and Section 504.  Plaintiff maintains that his FAPE allegations are sufficient to state a Section 504 claim.

The "FAPE requirements in the IDEA and in the [Section] 504 regulations are, in fact, overlapping but different." *Mark H.*, 513 F.3d at 924.  Pursuant to the IDEA, public school districts must provide a FAPE to qualified special education students. 20 U.S.C. §1400(d).  The public school "must demonstrate that they have 'policies and procedures' to provide disabled children with a FAPE, by developing an 'individualized education program' ("IEP") for each child." *Mark H.,* 513 F.3d at 928 (citing 20 U.S.C. §§1412(a), (a)(1), (a)(4)).  Section 504 regulations, promulgated by the United States Department of Education, also require recipients of federal funds to "provide a free appropriate public

4

education to each qualified handicapped person." 34 C.F.R. §104.33(a). Under this regulation, "appropriate education" is defined as "regular or special education and related aides and services that (i) are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met and (ii) are based upon adherence to procedures that satisfy the requirements of [other cross-referenced regulations]." 34 C.F.R. §104.33(b)(1).

Plaintiff fails to state a Section 504 claim, because he asserted no allegations that FUSD denied Plaintiff meaningful access to education as compared to non-handicapped persons. "[U]nlike FAPE under the IDEA, FAPE under [Section] 504 is defined to require a comparison between the manner in which the needs of disabled and non-disabled children are met, and focuses on the "design" of a child's educational program." *Mark H.*, 513 F.3d 922, 933. As defined by the regulations, a Section 504 FAPE requires education and services "*designed* to meet individual educational needs of handicapped persons *as adequately as* the needs of nonhandicapped persons are met." 34 C.F.R. §104.33(b)(1). The comparative analysis of Section 504 is significantly different from the IDEA individualized analysis, and is not included in Plaintiff's amended complaint.

For this reason, Plaintiff's IDEA FAPE violation allegations are insufficient to state a Section 504 claim. Although implementation of an IEP, within the meaning of the IDEA, is *one means* of meeting the Section 504 FAPE requirements,[4] "Plaintiffs who allege a violation of the FAPE requirement contained in [Section] 504 regulations, consequently, may not obtain damages simply by proving that the IDEA FAPE requirements were not met." 513 F.3d at 933. A court assumes improperly that "alleging a violation of the IDEA FAPE requirement is sufficient to allege a violation of [Section] 504, [because] they have not specified precisely whether they believe the [Section] 504 FAPE regulations, as opposed to the IDEA FAPE requirement, were violated, and, if so, in what regard." *Id.* Thus, even if Plaintiff's FAPE violation allegations state a claim pursuant to the IDEA, they may be insufficient to state a Section 504 claim. While Plaintiff fails to state a claim, Plaintiff is granted leave to amend, for the reasons discussed above.

///

[4]34 C.F.R. §104.33(b)(2) (emphasis added)

## Intentional Discrimination

FUSD argues that "[s]pecific allegations of intentional discrimination or deliberate indifference are an essential element of a Section 504 claim." FUSD contends that Plaintiff "must have included some facts supporting intentional discrimination or at least 'deliberate indifference'" to state a Section 504 claim. Plaintiff points out that he alleged intentional discrimination in the amended complaint. Plaintiff contends further that allegations throughout the complaint demonstrate a pattern of deliberate indifference towards Plaintiff and his educational needs. For the reasons discussed below, FUSD's intentional discrimination argument fails.

Plaintiff is not required to plead intentional discrimination or deliberate indifference with specificity. Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim." FUSD fails to cite authority to support its claim that Plaintiff is required to plead with specificity the mens rea component of the Section 504 claim. In *Mark H*., the Court ruled that "[t]o obtain damages, [Plaintiff] will ultimately have to *demonstrate* that [FUSD] was deliberately indifferent to the violation of whatever requirements [Plaintiff] validly seeks to enforce." 513 F.3d at 939 (emphasis added). Thus, Plaintiff must prove the mens rea component to prevail, but need not plead with specificity the allegations. Moreover, Plaintiff has not identified yet the specific Section 504 regulations at stake. See *supra*. Thus, this Court cannot dismiss a claim Plaintiff does not assert.

## "Policy, Pattern, and Practice"

Plaintiff alleges that FUSD "has a policy, pattern, and practice of failing to follow procedural and substantive requirements regarding student records, assessment process, the IEP process and implementation that had a discriminatory impact upon Plaintiff." Amended Complaint, ¶ 92 ("policy, pattern, and practice allegation"). FUSD argues that this allegation should be dismissed, because: (1) plaintiff did not allege that other parties exhausted their administrative remedies; and (2) Plaintiff has no standing to vindicate the rights of others. In the alternative, FUSD argues that it is entitled to a more definite statement of the policy, pattern, or practice allegation, because it is vague and ambiguous.

Plaintiff does not address specifically FUSD's argument regarding the policy, pattern, and practice allegation. In the context of a different argument, Plaintiff explains: "[FUSD] failed year after year to ensure that it designed an educational plan for Plaintiff that provided some meaningful access

6

to education.  Its *pattern and practice* of blatant violations year after year clearly demonstrate deliberate indifference."  Plaintiff's Response to Mot. Dismiss, 3 (emphasis added).

Rather than elucidate the meaning of the allegation in question, Plaintiff exemplifies its ambiguity.  FUSD interpreted Plaintiff's policy, pattern, and practice allegation to mean that Plaintiff alleged that FUSD failed to follow procedures with Plaintiff as well as students other than Plaintiff. Plaintiff discusses FUSD's alleged  "policy and pattern" as to Plaintiff only.  Thus, the policy, pattern, and practice allegation is ambiguous, as it is subject to multiple interpretations.  Accordingly, FUSD's motion for a more definite statement of this allegation is granted, pursuant to Fed. R. Civ. P. 12(e). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ( The Court may, in its discretion, grant a Fed. R. Civ. P. 12(e) motion if the pleading is so vague or ambiguous that the adversary cannot respond.).

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.   GRANTS in part FUSD's motion to dismiss Plaintiff's Section 504 claim, with leave to amend, for the reasons described in this order;

2.   DENIES in part FUSD's motion to dismiss Plaintiff's Section 504 claim, based on FUSD's intentional discrimination argument;

3.   GRANTS FUSD's motion for a more definite statement of the pattern, policy, and practice allegation;

3.   VACATES the April 2, 2008 hearing; and

4.   ORDERS Plaintiff to file and serve a second amended complaint no later than April 16, 2008.

IT IS SO ORDERED.

**Dated:   March 28, 2008**                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE