1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                         FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   J.W., a minor, by and through his parents          CASE NO. CV F 07-1625 LJO DLB
    J.E.W. and J.A.W.,
10
                    Plaintiff,                          _____ORDER ON DEFENDANT'S MOTION FOR
11                                                      JUDGMENT ON THE PLEADINGS (Doc. 13)
           vs.
12
    FRESNO UNIFIED SCHOOL DISTRICT,
13
                    Defendant.
14   _____/

15

16                                  __INTRODUCTION__

17          By notice on September 15, 2008, Defendant Fresno Unified School District ("District") moves

18   for judgment on the pleadings, pursuant to Fed. R. Civ. P. ("Rule") 12(c), on plaintiff J.W.'s

19   ("Student's")[1] second cause of action. District contends that Student's claim, for a violation of Section

20   504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 ("Section 504"), fails as a matter of

21   law, because: (1) Student fails to state a Section 504 claim; (2) Student fails to demonstrate the mens

22   rea element of the Section 504 claim; and (3) Student failed to his exhaust administrative remedies as

23   to certain allegations.  Student opposed District's motion on November 17, 2008.  District replied on

24   December 11, 2008.  This Court considered this motion on the record and vacated the December 18,

25   2008 hearing pursuant to Local Rule 78-230(h).  For the reasons discussed below, this Court GRANTS

26   in part and DENIES in part District's motion for judgment on the pleadings.

27   _____

28          [1]Plaintiff J.W. is a minor proceeding by and through his parents J.E.W. and J.A.W.

                                              1

1                                    **BACKGROUND**[2]

2          Student is a minor child residing within District boundaries.  Student is eligible for special

3    education and related services.  Student is hearing impaired.

4          Student was placed in various District schools during the 1998-2006 school years.  Student

5    attended District's aural/oral/infant/preschool program at Birney Elementary School during the 1998-

6    1999, 1999-2000, 2001-2002 and 2002-2003 school years.  During the 2003-2004 and 2004-2005 school

7    years, District placed Student in a general education classroom at Bullard Talent Elementary School.

8    For the 2005-2006 school year, Student attended Del Mar Elementary School.

9          During the summer of 2006, Student attended Clarke School for the Deaf, a private school in

10   Massachusetts.  Student's parents enrolled Plaintiff at Clarke School for the Deaf for the 2006-2007

11   school year.  Student is no longer a District student.

12          Student bases his Section 504 claim on the following allegations.  Relying on an incomplete and

13   insufficient assessment of Student's needs, District placed Student in a general education program with

14   inappropriate accommodations, modifications, and special education services for the 2004-2005 school

15   year.  Moreover, District placed Student in a general education classroom where the teacher refused to

16   implement modifications and accommodations, had no training or experience with hearing impaired

17   students, and discriminated against Student on the basis of his disability.  Student's teacher stated that

18   she was "not happy" that Student was in her classroom and that she wanted Student in a "sign language

19   classroom."  At the end of the 2004-2005 school year, Student's assessment revealed that he failed to

20   make educational progress.  Student, who was 11 years old, had language development skills at the 3-to-

21   5 year-old level.

22          At the beginning of the 2005-2006 school year, District offered Student a "sign language only

23   program" even though Student had never been taught sign language and sign language was not Student's

24   mode of communication.  The teacher in the sign language program was surprised Student talked, and

25   told Student's parents that the sign language program was inappropriate for Student.  With no other

26   program available in the District, District again placed Student in a general education classroom with

27   ───────────────

28        [2]The following facts are taken from Student's Third Amended Complaint and "are taken as true for the purpose of
     reviewing a motion for judgment on the pleadings." *Rose v. Chase Bank USA, NA*, 513 F.3d 1032, 1034 (9th Cir. 2008).

1    inadequate and insufficient accommodations, modifications, and special education services.  Even

2    though Student was in a general education classroom, District attempted to change Student's mode of

3    communication from oral to sign language without assessing his signing abilities.  District spent less

4    time on Student's academics because District staff attempted to teach Student sign language for the first

5    time.  Student received failing grades throughout the 2005-2006 school year.

6       Student initiated this action on November 8, 2007.  In his first cause of action, Student appeals

7    the administrative law judge's decision, pursuant to the Individuals with Disabilities Education Act

8    ("IDEA"), 20 U.S.C.§ 1415(i)(2)(A).  Student's second cause of action is based on Section 504.

9       District twice moved to dismiss Student's Section 504 claim.  As a result, this Court has issued

10   two orders on the issues raised in this motion, including the IDEA, Section 504 and the Ninth Circuit

11   Court of Appeals decision in *Mark H. v. Lemahieu*, 513 F.3d 922 (9th Cir. 2008).  *J.W. v. Fresno Unified*

12   *School Dist.*, 2008 WL 850250 (E.D. Cal. March 28, 2008) ("*J.W. I*"); *J.W. v. Fresno Unified School*

13   *Dist.*, 570 F. Supp. 2d 1212 (E.D. Cal. July 9, 2008) ("*J.W. II*").  District now moves for judgment on

14   the pleadings as to Student's Section 504 cause of action in Student's third amended complaint ("TAC").

15                                    **DISCUSSION**

16                                **Standard of Review**

17      District moves for judgment on the pleadings pursuant to Rule 12(c).  "A judgment on the

18   pleadings is properly granted when, taking all of the allegations in the pleadings as true, the moving

19   party is entitled to judgment as a matter of law." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244

20   F.3d 708, 713 (9th Cir. 2001) (internal quotations and citation omitted).  The moving party bears the

21   burden to establish that "on the face of the pleadings there is no material issue of fact" that remains to

22   be resolved and that it is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard*

23   *Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

24      Like a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion challenges the legal sufficiency of

25   an opposing party's pleadings.  "When a federal court reviews the sufficiency of a complaint, before the

26   reception of any evidence either by affidavit or admissions, its task is necessarily a limited one."

27   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Dismissal is proper where there

28   is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

                                        3

1   cognizable legal theory." *Id*. "Factual allegations must be enough to raise a right to relief above the

2   speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful

3   in fact)." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal citations and quotations

4   omitted). "While a complaint...does not need detailed factual allegations...a plaintiff's obligation to

5   provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

6   formulaic recitations of the elements of a cause of action will not do." *Id*. at 1964. To survive this

7   motion, plaintiff's allegations must be plausible on their face. *Id*. at 1973.

8          With these standards in mind, this Court turns to the merits of District's motion.

9                                    **Failure to State a Claim**

10         Student challenges the *design* of his educational program and challenges the *implementation* of

11   his educational program pursuant to Section 504 and its implementing regulations. Section 504 of the

12   Rehabilitation Act of 1973 is a general civil rights provision "to prevent discrimination against all

13   handicapped individuals...in employment, housing, transportation, education, health services, or any

14   other Federally-aided programs." *Alexopulos*, 817 F.2d at 554; *see also,* 29 U.S.C.S. §794. Section 504

15   provides: "No otherwise qualified individual with a disability...shall, solely by reason of her or his

16   disability, be excluded from the participation in, be denied the benefits of, or be subjected to

17   discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C.

18   §794(a). Section 504 applies to all public schools that receive federal financial assistance, *Mark H.*, 513

19   F.3d at 938 (referencing 29 U.S.C. §794(b)(2)(B)), including District. Section 504 allows students who

20   are denied meaningful access to state educational benefits to seek "the full panoply of remedies,

21   including equitable relief and [compensatory] damages." *Mark H.,* 513 F.3d at 930 (quoting *Greater

22   L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987)); *see also*, *Kling v. County

23   of Los Angeles*, 633 F.2d 876 (9th Cir. 1980).

24         District asserts that Student fails to state a Section 504 claim on four separate grounds. First,

25   District maintains that Student fails to distinguish his Section 504 allegations from his IDEA claim.

26   Second, District argues that Section 504 does not provide for a "failure to evaluate" claim. Third,

27   District argues Student "failure to implement" claim fails as a matter of law. Fourth, District argues that

28   Student fails to state a claim pursuant to the "mainstreaming" regulation, 34 C.F.R. §104.34. The Court

                                                  4

1 considers each argument below.

2 **Section 504 distinguished from IDEA**

3 For the third time, District argues that Student fails to state a Section 504 claim separate and
4 distinct from the IDEA. *See J.W. I*, 2008 WL 850250, *2; *J.W. II*, 570 F. Supp. 2d at 1227.   This Court
5 has discussed previously the distinction between an IDEA and Section 504 claim in the educational
6 context. *J.W. II,* 570 F. Supp. 2d at 1222-28.   To assert discrimination in the education context,
7 "something more than a mere failure to provide the 'free appropriate education' required by [IDEA] must
8 be shown." *Sellers by Sellers v. Sch. Bd. of City of Manassas,* 141 F.3d 524, 529 (9th Cir. 1998) (citing
9 *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)).

10 Here, unlike his previous attempts, Student segregates the factual allegations and pleads his
11 Section 504 claim with clarity. *Compare* TAC ¶¶11-28, 97-132 *with J.W. I*, 2008 WL 850250 (Student
12 requests leave to amend to distinguish) *and J.W. II*, 570 F. Supp. 2d at 1227-28 (Student failed to state
13 a claim).   Student alleges that since November 25, 2004,[3] District intentionally and with deliberate
14 indifference, failed to provide meaningful access to education and reasonable accommodations to
15 Student by excluding Student, solely by reason of his disability, from the participation in District's
16 educational programs and denying Student the benefits of District's program.   Student claims that
17 District's failure to assess Student's specific areas of need resulted in District's failure to design an
18 education program that provided appropriate accommodations and services to ensure that Student had
19 meaningful access to education as adequately as all other District students.   Student further claims that
20 District failed to implement an educational program that allowed Student meaningful access to
21 education.   Student distinguishes between a free appropriate public education ("FAPE") as defined by
22 Section 504 and the IDEA FAPE.   Student no longer attempts to state a Section 504 claim simply by
23 pleading "that the IDEA FAPE requirements were not met." *Mark H*., 513 F.3d at 933.   Accordingly,
24 Student properly states a Section 504 claim.

25 **Failure to Evaluate**

26 District faults Student for alleging that District failed to evaluate Student.   District argues that

27 _____

28 [3]Student's claim is based on allegations that occurred within the statute of limitations, as determined by this Court
in *J.W. II.*, 570 F. Supp. 2d at 1222-1223.

5

1   because there is no cause of action for "failure to evaluate," Student's Section 504 claim fails as a matter

2   of law.   By narrowly construing Student's allegations, however, District ignores Student's broader

3   contention.  To wit, Student claims that by failing to evaluate Student's needs appropriately, District was

4   unable to design an appropriate educational plan for Student that would allow him meaningful access

5   to education.  Student does not argue that a failure to assess claim exists, but points out that he does not

6   assert it.  Accordingly, the District's position misconstrues the pleading, and there is nothing upon which

7   this Court needs to rule.

8                               **Failure to Implement**

9           District contends that Student cannot state a claim for failure to implement an educational plan

10   under Section 504 as a matter of law.  District argues that Section 504 and its regulations focus solely

11   on the *design* of a child's educational program to preclude a challenge to the *implementation* of an

12   educational plan.  To support its argument, District relies upon language of *Mark H.*, 513 F.3d at 933,

13   936-37, which defines a FAPE under Section 504 regulations to focus on the design of a child's

14   educational program.  Thus, the Court is called upon to consider whether *Mark H.* precludes a  Section

15   504 cause of action for failure to implement a student's educational program.

16          The *Mark H.* opinion did not address a failure to implement argument directly.  The plaintiffs

17   in *Mark H.* contended that the *design* of the student's IEP was deficient. 513 F.3d at 927.  As a result,

18   the *Mark H.* court's opinion focused solely on whether the plaintiffs could challenge the design of the

19   educational program through the Section 504 regulations.  The *Mark H.* court explained that the Section

20   504 FAPE, unlike the IDEA FAPE, includes a special design requirement, *Id*. at 933, and concluded that

21   a plaintiff may enforce Section 504 regulations to assert a claim for deficient design of an educational

22   program to the extent that the regulation authoritatively construes the statute. *Id*. at 939.  The court

23   emphasized the design of the program, as opposed to its effects, to distinguish the disparate impact

24   analysis of *Alexander v. Choate*, 469 U.S. 287 (1985). *Id.* at 936.  Though pertinent to the discussion

25   of whether a particular regulation falls within the Section 504 private right of action, this language does

26   not limit a Section 504 claim to a challenge of the design of an educational program.

27          To state a Section 504 claim, Student must allege that: (1) he is an individual with a disability;

28   (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely

1  by reason of his disability; and (4) the program receives federal financial assistance. *Duvall v. County*

2  *of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  A "public entity can be liable for damages under

3  [Section]504 if it intentionally or with deliberate indifference fails to provide meaningful access or

4  reasonable accommodation to disabled persons." *Mark H.*, 513 F.3d at 938. "[T]he focus of the

5  prohibition in [Section] 504 is 'whether disabled persons were denied 'meaningful access' to state-

6  provided services.'" *Mark H*, at. 937 (quoting *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir.

7  1996)).

8          Student properly relies on the broader Section 504 statute, rather than its implementing

9  regulations, to assert his implementation claim.  As set forth above, an implied private right of action

10  exists under Section 504.  *See also, Kling v. County of Los Angeles*, 633 F.2d 876, 878 (9th Cir. 1980).

11  The *Mark H*. court reaffirmed that Section 504 itself contains an implied right of action. *Id.* at 935.

12  Thus, although Student may assert a cause of action relying on the Section 504 FAPE regulations to the

13  extent they affirmatively construe the statute, he is not required to do so.  Accordingly, Student is not

14  limited to stating a claim under the Section 504 regulations for failure to design an appropriate

15  educational plan.

16          In addition, Section 504 requires "*reasonable* modifications necessary to correct for instances

17  in which qualified disabled people are presented from enjoying 'meaningful access' to a benefit because

18  of their disability." *Mark H*., 513 F.3d at 937 (quoting *Southeastern Community College v. Davis*, 442

19  U.S. 397, 410 (1979)) (emphasis in original) and requires District "to provide meaningful access or

20  reasonable accommodation to disabled persons." *Mark H.*, 513 F.3d at 938.  District may fail to provide

21  accommodations by both failing to design them and, with deliberate indifference, failing to implement

22  an appropriately-designed educational plan.  Student alleges that District failed to provide meaningful

23  access or reasonable accommodation by failing to implement the designed educational program.

24  Accordingly, Student properly states a claim for failure to implement his educational plan under the

25  broader Section 504 statute. *See, Wiles v. Dept. of Educ.*, 555 F. Supp. 2d 1143 (D. Haw. 2008); *Bird*

26  *v. Lewis & Clark College*, 303 F.3d 1015 (9th Cir. 2002).

27                                    **Failure to Mainstream**

28          Student relies on Section 504 implementation regulations to claim that District failed to design

7

1  an educational program to ensure that Student had meaningful access to the educational programs

2  offered by District.  Student invokes several Section 504 implementing regulations to support his claim,

3  including 34 C.F.R. §§104.33, 104.34, and 104.35.   District asserts that Student has failed to state a

4  claim pursuant to 34 C.F.R. §104.34.

5       Student may enforce Section 504 regulations "to the degree the [Section] 504 FAPE regulations

6  [Student] invokes can be interpreted as a variety of meaningful access regulation." *Mark H.,* 513 F.3d

7  at 939.  "[T]o be enforceable through the 504 implied private right of action, regulations must be tightly

8  enough linked to §504 that they 'authoritatively construe' that statutory section, rather than impose new

9  obligations. *Mark H.*, 513 F.3d at 922 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 284 (2001)).

10 Although the *Mark H.* court found that a plaintiff may enforce Section 504 regulations through the

11 Section 504 implied right of action, it did not have the opportunity to rule on which Section 504 FAPE

12 regulations were a privately enforceable "variety of meaningful access regulation." 513 F.3d at 938 n.

13 14.  Nevertheless, the Court offered the following guidance in its footnote, *id.*:

> We observe that a number of the [Section] 504 FAPE regulations are arguably intended
> to ensure "meaningful access" to public education.  In particular, a disabled individual
> may be denied "meaningful access" to public education when that education is not
> designed to meet her needs as adequately as the needs of other students are met. *See* 34
> C.F.R. §104.33.  The FAPE regulations also require adherence to certain procedures
> intended to facilitate provision of a FAPE, including testing and evaluation, 34 C.F.R.
> §104.34, and notice to parents of educational plans for their children. 34 C.F.R. §104.36.
> Depending on the particular circumstances, testing and evaluation of a disabled child
> may be necessary to ensure "meaningful access" to an appropriate education, as might
> notice to a child's parents of the educational plan for that child.

20      To determine whether Student states a claim pursuant to 34 C.F.R. §§104.34 , the Court employs

21 a two-part analysis.  First, the Court considers whether Student's allegations state a violation of the

22 regulation.   If Student states a claim for relief, Court then determines whether the regulation is

23 enforceable through the Section 504 implied right of action.  "For purposes of determining whether a

24 particular regulation is ever enforceable through the implied right of action contained in a statute, the

25 pertinent question is simply whether the regulation falls within the scope of the statute's prohibition."

26 *Mark H.*, 513 F.3d at 938.

27      Pursuant to 34 C.F.R. §104.34, federally-funded schools generally must place handicapped

28 students in a "regular educational environment" and, if removed to an individualized environment, must

8

be placed in an environment "comparable" to that used by non-disabled students. 34 C.F.R. §104.34 requires:

> (a) Academic setting.  A recipient to which this subpart applies shall educate, or shall provide for the education of, each qualified handicapped person in its jurisdiction with persons who are not handicapped to the maximum extent appropriate to the needs of the handicapped person.  A recipient shall place a handicapped person in the regular educational environment operated by the recipient unless it is demonstrates by the recipient that the education of the person in the regular environment with the use of supplementary aids and services cannot be achieved satisfactorily.  Whenever a recipient places a person in a setting other than the regular educational environment pursuant to this paragraph, it shall take into account the proximity of the alternate setting to the person's home.
>
> *          *          *
>
> (c) Comparable facilities.  If a recipient, in compliance with paragraph (a) to this section, operates a facility that is identifiable as being for handicapped persons, the recipient shall ensure that the facility and the services and activities provided therein are comparable to the other facilities, services, and activities of the recipient.

This regulation parallels language in the IDEA, 20 U.S.C. §1412(a)(5), which is referred to as the "mainstreaming requirement."  *See Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884 (9th Cir. 1995).  The mainstreaming requirement was developed to require the integration of disabled children into classrooms with their non-disabled peers. *Board of Educ. v. Illinois State Bd. of Educ.*, 41 F.3d 1162 (7th Cir. 1994).  A plaintiff may state a claim based on this provision to challenge a school's decision to place a qualified handicapped student in a segregated classroom, rather than a general education classroom.  *See, e.g., Sacramento City Unified Sch. Distr. v. Rachel H.*, 14 F.3d 1398 (1994) (outlining a four-factor test to determine appropriate placement).

This Court previously ruled that Student's allegations failed to state a claim pursuant to 34 C.F.R. §104.34.  In *J.W. II*, 570 F. Supp. 2d at 1227 (internal citations omitted), this Court ruled:

> Plaintiff's allegations do not support the conclusion that District "failed to educate Plaintiff with non-disabled students to the maximum extent appropriate" and "failed to educate Plaintiff in the regular educational environment."  Instead, Plaintiff alleges that District placed him in a general education classroom inappropriately.

In opposition to the current motion, Student's allegations and argument remain unchanged.  Student argues that District violated 34 C.F.R. §104.34 when District placed Student in a general education classroom inappropriately and with limited and insufficient services and accommodations. District correctly points out that 34 C.F.R. §104.34 requires that qualified handicapped students be educated with

1   non-disabled students to the maximum extent possible.  The regulation does not require that District

2   provide a certain level of services when Student is placed in a general education classroom, nor does it

3   require District to place Student in a segregated special education environment, as Student contends.

4   Accordingly, District demonstrates that Student's allegations are insufficient to state a claim pursuant

5   to this regulation and is entitled to judgment on the pleadings on this issue.

6                                    **Intentional Discrimination**

7        District argues that it is entitled to judgment on the pleadings because Student failed to state

8   sufficient allegations related to the mens rea component of a Section 504 claim.  District contends that

9   Student must have included some facts supporting intentional discrimination, or at least deliberate

10  indifference, to state a Section 504 claim.  For the following reasons, District's argument fails.

11       First, Student's allegations state a claim for the mens rea element of a Section 504 cause of

12  action. While Student must "prove a *mens rea* of intentional discrimination to prevail on a 504

13  claim...that standard may be met by showing deliberate indifference, and not only by showing

14  discriminatory animus." Deliberate indifference is "knowledge that a harm to a federally protected right

15  is substantially likely, and a failure to act upon that likelihood." *Duvall v. County of Kitsap*, 260 F.3d

16  1124, 1138 (2001).  *See also, Weinrich v. Los Angeles County Metro. Trans. Auth.,* 114 F.3d 976, 979

17  (9th Cir. 1997) ("A failure to provide reasonable accommodation can constitute discrimination under

18  Section 504 of the Rehabilitation Act.").  Here, Student contends that the District's knowledge that their

19  program failed Student on a yearly basis, and its failure to act while on notice that the program was

20  failing, amounts to deliberate indifference.  This Court agrees to conclude that Student properly states

21  a claim.

22       Second, Student is not required to plead deliberate indifference with specificity.  In *Mark H*., the

23  court ruled that "[t]o obtain damages, [Student] *will ultimately have to demonstrate* that [District] was

24  deliberately indifferent to the violation of whatever requirements [Student] validly seeks to enforce."

25  513 F.3d at 939 (emphasis added).  The *Mark H*. court did not require a heightened pleading standard

26  for the discrimination component of a Section 504 claim.  At this stage, Student's allegations are

27  sufficient, as Rule 8(a)(2) requires only a "short and plain statement of the claim."  Thus, while Student

28  must prove the mens rea component to prevail on his claim ultimately, he need not plead discrimination

or deliberate indifference with specificity to survive a motion on the pleadings. *See Tsotesi v. Bd. of Educ.*, 258 F. Supp. 336, 338 (S.D. NY 2003) (Rule 12(c) motion fails since plaintiff is not required to plead evidence to support his claim of deliberate indifference to constitutional rights); *see also, J.W. I.*, 2008 WL 850250, *4 ("Plaintiff must prove the mens rea component to prevail, but need not plead with specificity the allegations."); *Mark H.*, 513 F.3d at 938 ("the mens rea necessary to support a damages remedy is not pertinent at [this] stage of the analysis").

### Exhaustion of Administrative Remedies

District claims that Student failed to exhaust administrative remedies with respect to three specific allegations: (1) District offered Student an inappropriate program for the 2006-2007 school year (TAC ¶118); (2) District failed to train its staff to work with students with cochlear implants (TAC ¶119); and (3) Student's teacher inappropriately left his instruction to a non-certified classroom aide (TAC ¶111).

This Court previously ruled that Student "must exhaust his administrative remedies before bringing federal claims regarding a denial of publicly funded special education under the IDEA and Section 504." *J.W. II*, 570 F. Supp. 2d. at 1218.   The Court found that the IDEA's exhaustion requirement explicitly applies to "other Federal laws protecting the rights of children with disabilities," including Section 504. 20 U.S.C. §1415(l) ("[B]efore filing the civil action under [title V of the Rehabilitation Act of 1973] seeking relief that is also available under this subchapter, the procedures ...of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter."). *Id. (*citing *Babicz v. School Board*, 135 F.3d 1420, 1422 (11th Cir.), *cert. denied*, 525 U.S. 816 (1998)).   This Court noted, however, that where administrative remedies do not provide adequate relief, and Student seeks money damages, Student may not be required to exhaust administrative remedies before raising a Section 504 claim. *Id*. at 1919 n.3. (citing *Smith v. Barton*, 914 F.2d 1330, 1333 (9th Cir. 1990)) and *Mark H.*, 513 F.3d at 935 ("Because the § 504 FAPE requirement differs from the IDEA FAPE requirement, it is not clear how the exhaustion provision of § 1415(l) applies to suits for damages for failure to provide a § 504 FAPE. We need not reach this issue, because

the H. family did exhaust the IDEA administrative remedies.)).[4]

Student pursued and exhausted his IDEA administrative remedies. On September 1, 2006, Student filed a due process proceeding against District. On August 15, 2007, the administrative law judge ("ALJ") ruled against Student on all issues raised, with one exception. The ALJ found that District denied Student a FAPE substantively, by failing to offer extended school year services during the 2005 summer. Thereafter, Student initiated this action to challenge the following determinations made by the ALJ:

> a. District offered and provided Plaintiff a free appropriate public education during the 2003-2004, 2004-2005, 2005-2006, 2006-2007 school years;
> b. District acknowledged and assessed student in all areas of suspected disability from 2003 through 2006;
> c. Plaintiff's IEPs from 2003-2006 contained goals and objectives to meet Plaintiff's unique needs related to his disability and were reasonably calculated to provide educational benefit;
> d. District's offer and provision of a program, placement and services were appropriate and constituted a FAPE,
> e. Plaintiff was not denied a FAPE by District failing to convene IEP team meetings with the legally required team members,
> f. District did not attempt to unilaterally change Plaintiff's oral mode of communication without Parent's consent,
> g. District did not fail to implement Plaintiff's IEP,
> h. District did not fail to convene an IEP team meeting in October 2004,
> i. District offered an appropriate program for Plaintiff's 2006-2007 school year, and
> j. Plaintiff's parents were not entitled to reimbursement for the costs they incurred in providing Plaintiff with appropriate educational services including an intense educational program focusing on aural rehabilitation; a program with staff who have experience and knowledge working with students with cochlear implants who are oral-only communicators; and an appropriate plan and services to transition back into a District program that will meet all of Plaintiff's unique needs in order to benefit from education.

TAC ¶93.

_____

[4]This Court previously granted District's motion to dismiss certain allegations for failure to exhaust administrative remedies. In *J.W. II*, this Court dismissed the challenged allegations because they took place after Student initiated the due process claim, Student failed to oppose the challenge, and Student failed to exhaust his administrative remedies under the IDEA. 570 F. Supp. 2d at 1218-1221. None of those circumstances are present in the instant motion. Moreover, the Court is presented with a different standard of review. In the previous order, this Court construed District's motion as a factual attack on subject matter jurisdiction pursuant to Rule 12(b)(1). *Id*. at 1220. The Court found that District "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the Court. *Id*. (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). As a result, this Court faulted Student for failing to submit evidence to support his claim and noted that Student carried the burden to establish subject matter jurisdiction. *Id*. In the instant motion, District moves for judgment on the pleadings, pursuant to Rule 12(c). In a motion for judgment on the pleadings, this Court does not consider material outside of the pleadings, and is restricted to the four corners of the complaint. In addition, District, as the moving party, bears the burden to prove that it is entitled to judgment as a matter of law. Accordingly, this Court's prior ruling is not applicable to the instant motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

1    Here, as in *Mark H.* and *Wiles v. Dept. of Educ.*, 555 F. Supp. 2d 1143 (D. Haw. 2008), Student

2    availed himself of the administrative process and exhausted his IDEA administrative remedies.   In doing

3    so, Student allowed "the [educational] agencies the first opportunity to correct shortcomings in their

4    educational programs for disabled children." *Hoeft v. Tucson Unified. School Dist.*, 967 F.2d 1298, 1303

5    (9th Cir. 1992).   In addition, each of Student's allegations is encompassed within the ALJ's rulings to

6    satisfy the administrative exhaustion requirement.   Student's allegation of District's failure to offer an

7    appropriate program for the 2006-2007 school year was addressed directly at the administrative level.

8    TAC ¶93 (i).    District's alleged failure to train teachers with working with students with cochlear

9    implants is addressed by the ALJ decision. TAC ¶93(j). Student's allegations related to the inappropriate

10   classroom instruction are subsumed within several ALJ determinations. TAC ¶93(a),  (d), and (g).

11   Accordingly, Student properly exhausted his administrative remedies with respect to the challenged

12   allegations.

13

14                                 **CONCLUSION AND ORDER**

15       For the foregoing reasons, this Court:

16   1.       GRANTS in part District's motion for judgment on the pleadings to the extent Student

17            relies on 34 C.F.R. §104.34; and

18   2.       DENIES in part District's motion for judgment on the pleadings on all other grounds. IT
              IS SO ORDERED.

19
     **Dated:     December 19, 2008              /s/ Lawrence J. O'Neill**
20                                            UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28