# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W., a minor, by and through his parents J.E.W. and J.A.W., <br><br>         Plaintiff, <br><br> vs. <br><br> FRESNO UNIFIED SCHOOL DISTRICT, <br><br>         Defendant. <br> _____/ | CASE NO. CV F 07-1625 LJO DLB <br><br> **ORDER TO STRIKE PLAINTIFF'S BRIEF AND TO REQUIRE AMENDED BRIEF, ADMINISTRATIVE RECORD AND JOINT STATEMENT** |

**INTRODUCTION**

On January 26, 2009, the day plaintiff's opening summary judgment brief was due, plaintiff filed a second motion to extend the page limitations, and requested to extend the page limitation from 35 pages to 50 pages. This Court denied plaintiff's request, as it was untimely and failed to demonstrate good cause. Notwithstanding this Court's order, plaintiff filed a 43-page brief. Plaintiff also failed to include in her brief the following necessary components: (1) table of contents, (2) table of authorities, and (3) citation to the administrative record and/or statement of facts. Based on plaintiff's failure to comply with this Court's order and local rules, this Court STRIKES plaintiff's opening brief and ORDERS plaintiff to file an amended brief. Additionally, both parties are ORDERED to re-lodge the administrative record and to file the joint statement of undisputed facts.

## DISCUSSION

### Page Limit Exceeded

This Court denied plaintiff's second request to extend the page limitations of her opening summary judgment brief. (Doc. 81). Plaintiff ignored this Court's order by filing a 43-page brief. (Doc. 82). This Court strikes plaintiff's brief for violating this Court's order, and orders plaintiff to file a brief that does not exceed 35 pages. The 35-page limit excludes the table of contents, table of authorities, and cover page.

### Brief Inadequacies

Plaintiff's memorandum brief further violated this Court's local rules by failing to provide a table of contents and table of authorities. Local Rule 5-133(k) requires briefs "exceeding fifteen (15) pages in length" to include "an indexed table of contents related to the headings or subheadings and by an indexed stable of statutes, rules, ordinances, cases, and other authorities cited." Plaintiff's brief does not include either a table of contents or a table of authorities.

Additionally, plaintiff does not cite to the administrative record or to the statement of facts in her brief. Instead, plaintiff includes blank parentheses [(_)] after a statement of fact throughout her brief. Plaintiff's brief gives the Court no guidance as to where to find the support for her assertions in either the 2733 pages of transcripts or 1252 pages of documentary evidence. The Court has no obligation to search sua sponte through a record, and this Court will not do so. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). The parties must designate, specifically, the pages and lines in the administrative record to which they refer. For these inadequacies, this Court strikes plaintiff's brief.

### Administrative Record

Although the parties were required to lodge the administrative record with this Court on November 26, 2008, the parties did not do so until December 5, 2008. On that day, the parties lodged 2733 pages of transcripts and 1252 pages of documentary evidence. All lodged documents are unbound and loose leaf. The transcripts are unorganized, with no table of contents, and are not tabbed. In its current form, this Court is unable to search the administrative record to locate the evidence cited in the briefs (though, as noted above, plaintiff failed to cite to the administrative record in her brief).

Documents delivered to this Court shall be "properly tabbed and fastened." Standing Order, 1. Local Rule 7-130(b) further requires all documents lodged in this Court to be "firmly bound" and "pre-punched." The parties must provide a bound, tabbed and sequentially numbered administrative record and refer to those page numbers in their briefs. Accordingly, the parties are ordered to re-lodge an administrative record that is bound and organized.

### Joint Statement of Undisputed Facts

In its Summary Judgment Briefing Schedule, this Court ordered the parties to file a Joint Statement of Undisputed Facts on the day that plaintiff's opening brief was due. (Doc. 72). By stipulation, the parties further agreed to file a Joint Statement of Undisputed Facts no later than January 26, 2009. (Doc. 73). This Court continued the briefing schedule on January 12, 2009 to allow the parties additional time to develop the Joint Statement. (Doc. 73). The parties failed to file the Joint Statement of Undisputed Facts. The parties are required to do so. Failure to file the required joint statement will result in sanctions.

### CONCLUSION AND ORDER

For the foregoing reasons this Court:

1. STRIKES plaintiff's memorandum in support of summary judgment (Doc. 82);

2. ORDERS plaintiff to file a brief in compliance with this Court's orders and local rules **no later than February 6, 2009.** Further failure to follow this Court's orders and local rules will result in sanctions, including monetary sanctions, a striking of the entire brief, and/or dismissal of this action;

3. ORDERS the parties to file a Joint Statement of Undisputed Facts **no later than February 6, 2009.** Further failure to follow this Court's orders and local rules will result in sanctions, including monetary sanctions and/or dismissal of this action;

4. SUSPENDS briefing until this Court determines plaintiff's brief to be in accordance with this Court's orders and local rules and/or the parties file all required documents in compliance with this Court's order;

5. ORDERS the counsel who delivered the administrative record to retrieve the lodged administrative record from the Clerk of Court **no later than January 28, 2009**. Counsel

1 must provide a signed receipt at the time the administrative record is retrieved;

2  6. DIRECTS the clerk of court to file the signed receipt when counsel retrieves the
3 administrative record; and
4  7. ORDERS the parties to re-lodge the administrative record with this Court **no later than**
5 **February 6, 2009.** The re-lodged administrative record must be bound in 3-ring binders
6 and organized with a table of contents, tabs, and labels.

8 IT IS SO ORDERED.

9 Dated:    **January 27, 2009**                **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE