1

2          **IN THE UNITED STATES DISTRICT COURT**

3          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5    J.W., a minor, by and through his parents          CASE NO. CV F 07-1625 LJO DLB
     J.E.W. and J.A.W.,
6
                    Plaintiff,                          **ORDER ON DEFENDANT'S MOTION TO**
7                                                       **STRIKE PLAINTIFF'S SEPARATE**
                                                        **STATEMENT OF DISPUTED FACTS**
8                                                       (Doc. 95)

9          vs.

10   FRESNO UNIFIED SCHOOL DISTRICT,

11                  Defendant.

12   _____/

13                            **INTRODUCTION**

14          By notice on February 12, 2009, defendant Fresno Unified School District ("District") moves

15   to strike (Doc. 95) plaintiff J.W.'s ("Student's") Separate Statement of Disputed Facts (Doc. 88) in this

16   Individuals with Disabilities Education Act ("IDEA") action.  District moves to strike Student's 141-

17   page Separate Statement of Disputed Facts ("Statement of Facts") for failure to comply with Fed. R. Civ.

18   P. 56 and this Court's Local Rule 56-260.  District argues that Student prepared and filed his Statement

19   of Facts in bad faith to place an unfair burden on District.  Student asserts that the "strict rules of Rule

20   56 concerning statements of facts" do not apply in an IDEA administrative appeal.  Additionally, Student

21   believes that his Statement of Facts is a "useful tool for the Court."  For the following reasons, this Court

22   STRIKES Student's Separate Statement of Facts and ORDERS Student to file an amended statement.

23                            **BACKGROUND**

24          Student appeals an administrative law judge decision pursuant to 20 U.S.C. §1415.  To resolve

25   the administrative appeal, Student moved for summary judgment on January 26, 2009, pursuant to the

26   January 12, 2009 stipulation and order.  The January 12, 2009 order incorporated the terms of this

27   Court's December 19, 2008 Order to require the parties to file a Joint Statement of Undisputed Facts and

28   a Separate Statement of Disputed Facts with the party's initial brief.  The Court granted the parties'

                                              1

1    January 12, 2009 stipulation to continue the briefing schedule to allow the parties additional time to

2    prepare the Joint Statement of Undisputed Facts and the Separate Statements of Undisputed Facts.

3         The parties failed to file a Joint Statement of Undisputed Facts on January 26, 2009.

4    Additionally, Student's January 26, 2009 memorandum in support of his motion was deficient in that

5    it failed to include necessary components and it exceeded the page limits set by this Court's previous

6    order. The Court also addressed the parties failure to lodge the administrative record in accordance with

7    this Court's Standing Order and local rules and their failure to file the Joint Statement. The Court issued

8    an order to strike plaintiff's memorandum in support of summary judgment and to require plaintiff to

9    file an amended brief "in compliance with this Court's orders and local rules." ("Order to Strike," p.

10   3, filed on January 27, 2009). The Court further required both parties to re-lodge the administrative

11   record and to file a Joint Statement of Undisputed Facts. *Id.* at p. 4. The Court warned both parties that

12   the "failure to file the required joint statement will result in sanctions" and "further failure to follow this

13   Court's orders and local rules will result in sanctions." *Id.* at 3.

14        On February 6, 2009, Student re-filed the memorandum in support of his summary judgment

15   motion and filed his Statement of Facts. Student's 141-page Statement of Facts contains 1650 "facts."

16   Thereafter, District moved to strike Student's Statement of Facts. The Court agreed to hear District's

17   motion to strike on an expedited schedule, as District's opposition to Student's summary judgment

18   motion shall be filed no later than February 23, 2009. Student opposed the instant motion on February

19   17, 2009. This Court finds this motion suitable for decision without additional briefing or a hearing.

20   Accordingly, this Court VACATES the February 23, 2009 hearing on this motion, pursuant to Local

21   Rule 78-230(h), and issues the following order.

22                                    **DISCUSSION**

23        Failure to comply with this Court's orders, local rules, and the Federal Rules of Civil Procedure

24   "may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of

25   the Court." Local Rule 11-110.

26        District moves to strike Student's Statement of Facts for failure to comply with Fed. R. Civ. P.

27   56 and this Court's Local Rule 56-260. District submits that "some, but not all of the facts are disputed,

28   and only a handful of them are material." Def. Memo, 2. District argues that it would be overly

2

1    burdensome to required District to respond to Student's 1,650 "facts," and to determine whether these

2    facts are accurate, complete, in context, admitted, relevant, material, and cited.  This Court agrees.

3         Student's 141-page Statement of Facts is a series of excerpts and summarized testimony of

4    twenty-three witnesses and six reports.  The Statement of Facts is organized according to witness and

5    report.  Some of Student's lengthy "facts" span across multiple pages. (Fact Nos. 1646-1650, pp. 128-

6    141).  Student's Statement of Facts includes "facts" that are immaterial (*e.g.*, Fact Nos. 9-10, Alexander

7    Graham Bell was associated with the Clarke School for the Deaf in 1851).  The Statement of Facts is

8    repetitive (*e.g.*, Fact Nos. 61, 172, 195, teachers at Clarke have masters degrees).  The Statement of Facts

9    includes over a thousand facts that Student fails to mention in his memorandum brief in support of his

10   motion for summary judgment.  Student's "facts" are not, necessarily, facts.

11        The Court finds Student's Statement of Facts to be overly-burdensome.  Neither opposing

12   counsel nor this Court is required to determine which facts Student deems relevant and in dispute, and

13   which facts Student relied upon in support of his summary judgment motion.  With over 1,000 pending

14   cases, this Court has neither the resources nor the ability to distill that which Student should have

15   distilled in the initial presentation of this motion.  This Court uses its inherent power to control its docket

16   to require Student to file a *concise* Statement of Disputed Facts.

17        In addition, Student's Statement of Facts fails to conform to this Court's local rules and the

18   Federal Rules of Civil Procedure.  Local Rule 56-260 requires a party to "enumerate discretely each of

19   the *specific material facts relied upon in support of the motion* and cite the particular portions of any

20   pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to

21   establish that fact." (emphasis added).  Fed. R. Civ. P. 56 requires that the fact in contention must be

22   material.  "As to materiality, the substantive law will identify which facts are material." *Anderson v.*

23   *Liberty Lobby*, 477 U.S. 242, 248 (1986).  "A 'material' fact is one that is relevant to an element of a

24   claim or defense and whose existence might affect the outcome of the trial." *T.W. Elec. Serv., Inc. v.*

25   *Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  As discussed above, Student's

26   Statement of Facts contains immaterial "facts," and facts not relied upon in support of the motion.

27   Accordingly, Student's Statement of Facts violates Local Rule 56-260 and Fed. R. Civ. P. 56.

28        Student argues that because this IDEA administrative appeal "does not fit well into any

3

pigeonhole of the Federal Rules of Civil Procedure," *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995), "the strict rules of Rule 56 concerning statements of facts do not form an exact guide for how the parties are to provide the essential facts for the Court for disposition of this appeal." Opp., 3:21-24.   The Court notes that a "puzzling procedural problem arises whenever the district court adjudicates administrative appeals, because the Federal Rules of Civil Procedure do not plainly speak to how such appeals should be handled." *Capistrano*, 59 F.3d at 892.[1]   To address the "puzzling procedural problem," this Court modified Local Rule 56-260 and Fed. R. Civ. P. 56 to require a Joint Statement of Undisputed Facts and a Separate Statement of Disputed Facts filed by each party. This modification was in accordance with the *Capistrano* court, which approved a modified summary judgment procedure in IDEA administrative appeals: "Because this [summary judgment] appears to be what Congress intended under the Act, we conclude that *it is the right thing to do*, even though it does not fit well into any pigeonhole of the Federal Rules of Civil Procedure." *Id*. at 892 (emphasis added). Moreover, the difficulty in resolving an IDEA administrative appeal through summary judgment, as discussed in *Capistrano*, *supra*, and *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467 (9th Cir. 1993), relates to the applicable standard of review, which is not at issue in this case.   Student fails to cite authority to support its position that his overly-burdensome Statement of Facts is proper in an IDEA administrative appeal pursuant to Fed. R. Civ. P. 56.

Thus, while this Court notes the "difficulty is using a summary judgment framework for what amounts to resolution of conflicting evidence," *Capistrano*, 59 F.3d at 891, Student is not excused from following the Federal Rules of Civil Procedure, this Court's local rules, and this Court's orders. Generally, the Federal Rules of Civil Procedure "govern the procedure in all actions and proceedings in the United States district courts." Fed. R. Civ. P. 1.   "The federal procedural rules...govern the action, at least when there is a federal rule to apply." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1289 (9th Cir. 2006) (applying Fed. R. Civ. P. 3 to an IDEA administrative appeal).   While a summary of the administrative record may be helpful to this Court in its ultimate review of this action, providing this

---

[1] The Court explained: "Though the parties may call the procedure a 'motion for summary judgment' in order to obtain a calendar date from the district court's management clerk, the procedure is in substance an appeal from an administrative determination, not summary judgment.*"* *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995)

Court with a summary does not supplant Student's obligation to file a Separate Statement of Disputed Facts in accordance with this Court's order and federal and local rules.  Accordingly, this Court strikes Student's Statement of Facts and orders Student to file an amended Separate Statement of Facts to include only "specific material facts relied upon in support of the motion." Local Rule 56-260.

## CONCLUSION and ORDER

For the foregoing reasons, this Court:

1. VACATES the February 23, 2009 hearing on this motion;

2. STRIKES Student's Separate Statement of Facts (Doc. 88); and

3. ORDERS Student, **no later than February 23, 2009**, to file an amended Separate Statement of Facts in accordance with Fed. R. Civ. P. 56, Local Rule 56-260, this Court's order, and the applicable standards;

4. SETS the following revised summary judgment briefing schedule:

   (A) District's opposition shall be filed and served no later than February 25, 2009;

   (B) Student's reply shall be filed an served no later than March 16, 2009; and

   (C) The hearing date, if required, remains set on April 6, 2009 at 8:15 a.m. in Courtroom 4 (LJO); and

5. ADMONISHES the parties that failure to comply with this Order shall result in an additional order to strike all further documents filed in violation of this Court's order, local rules, and/or the Federal Rules of Civil Procedure. The Court will not allow the parties any further opportunities to see through their duties as counsel.  The Court will decide this matter based on what is submitted by the parties in compliance with this Court's orders, local rules, and the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   __February 18, 2009__          _____/s/ Lawrence J. O'Neill_____
                                                     UNITED STATES DISTRICT JUDGE